UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ERIC PARK,** | ) CASE NO. 5:12CV370 |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| vs. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| **MICHAEL J. ASTRUE,** | ) |
| **Comm'r of Social Security,** | ) |
| Defendant. | ) |

Plaintiff Eric Park seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Social Security Commissioner's final decision denying his applications for social security disability benefits. (Doc. # 1). Magistrate Judge Kathleen B. Burke wrote a Report and Recommendation ("R&R") in which she recommends the Commissioner's decision be affirmed. (Doc. # 17). Plaintiff filed objections to the R&R. (Doc. # 18).

Because the Commissioner applied the correct legal standards and reached a decision that was supported by substantial evidence, the Court will overrule Plaintiff's objections, adopt the R&R, affirm the Commissioner's decision, and dismiss the case.

I.

Plaintiff, who is 45 years old, has been out of work since 2006, about the time he began suffering lower-back problems. Over the next few years, Plaintiff was treated by various doctors for a herniated disc, arthritis of the lumbar region of the spine, and nerve damage,

among other ailments. Before these health problems arose, Plaintiff worked as an injection molding operator, heavy equipment operator, and heavy glass installer.

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Social Security Income; he alleged his disability started on November 1, 2006. An Administrative Law Judge ("ALJ") held a hearing and later determined that Plaintiff was not disabled. His applications were therefore denied. The ALJ's decision, since it was left undisturbed by the Social Security Appeals Council, is the final decision of the Social Security Commissioner.

II.

Magistrate Judge Burke conducted a thorough review of the administrative record and concluded that the ALJ, in reaching his decision, applied the correct legal standards and made factual findings that were supported by substantial evidence. Plaintiff disagrees and lodges two objections against Magistrate Judge Burke's R&R.

A.

Plaintiff argues that the "Magistrate erred by finding that a medical opinion as to a claimant's sustainability is reserved for the commissioner." (Doc. # 18 at 1). What, exactly, is "sustainability?" Neither the Code of Federal Regulations nor the U.S. Code nor the Social-Security caselaw, so far as the Court can tell, defines the term. Plaintiff offers this definition: "a medical opinion as to whether a claimant's [sic] would be able to work day after day on a full-time basis with his or her impairments. It is a limitation that needs to be considered by an ALJ in determining disability within the rules of Social Security." (Id. at 2).

The Court agrees that the issue of "sustainability," as Plaintiff has defined it, is part of the disability analysis. In fact, "sustainability" is another way of asking whether a person can

engage in "substantial gainful activity," a question that is embedded in the statutory definition of disability: "The term 'disability' means *inability to engage in any substantial gainful activity* by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 USC § 423(d)(1)(A) (emphasis added). To say that one can engage in "substantial gainful activity" is to say that he can "sustain" a regular job.

And there is no doubt that the Commissioner is the one charged with making that decision. *See* 20 CFR 404.1527(d)(1) ("[The Commissioner is] responsible for making the determination or decision about whether you meet the statutory definition of disability."). In fact, the Commissioner is responsible for deciding all significant issues, including the nature and severity of an impairment and an applicant's residual functional capacity. *See Id.* at (d)(2). It could not be otherwise. An ALJ is often faced with competing expert testimony. A decision must be made which expert to believe and which to discredit. Who should make that decision? Plaintiff does not say; he just thinks it should be someone *other than* the ALJ. Should it be one of the parties? Obviously not. What about one of the competing experts? If so, which one? And who decides which one? Around and around we could go asking such questions. Hence the need for a judge.

Plaintiff reaches for some authority to support his position but comes up-empty handed. He quotes a passage from the Social Security Program Operations Manual, which reads, "if a claimant is unable to sustain a 40-hour workweek because of a severe medically determinable impairment (MDI), the adjudicator or medical consultant must discuss sustainability in the [Residual Functional Capacity analysis.]" (Doc. # 18 at 2) (original emphasis omitted). But this

quote does not help because it does not tell us who has the ultimate say on "sustainability"; it merely requires the adjudicator or medical consultant to *discuss* the issue.  Plaintiff next cites a string of Social Security cases in which the claimant's "sustainability" was discussed.  (See Id. at 3). Yet not one of those cases indicates *who* is responsible for deciding the issue.  And that makes sense; the judges and the parties in those cases probably (and rightly) assumed the ALJ is the ultimate decider.

Plaintiff's objection is without merit and is therefore overruled.

B.

Plaintiff's second objection is related to the first.  He argues that the ALJ "failed to give any substantial reason for rejecting" the opinion of Dr. Donald Junglas, a non-treating, non-examining physician who reviewed the medical evidence, "as to Plaintiff's sustainability."  (Id. at 4).  Plaintiff adds that "[t]he ALJ gave no true reasoning for his determination, but rather stated 'the weight of the evidence and testimony persuaded' him otherwise.  This fails to inform the Plaintiff or any other reader of any true basis for rejecting Dr. Junglas' opinion."  (Id.).

Of course, an ALJ must identify the reasons and basis for his conclusions.  *Morehead Marine Servs. v. Washnock*, 135 F.3d 366, 375 (6th Cir. 1998).  And an ALJ must give *good* reasons for rejecting a physician's opinion, but the good-reasons rule applies only when rejecting a *treating* physician.  *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–48 (6th Cir. 2004); 20 CFR 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your *treating source's* opinion.") (emphasis added).  The good-reasons rule does not apply to a non-examining physician.  Indeed, a non-

-4-

examining physician is typically given less weight than an examining physician, and even less than a treating physician. *See Id.* at (c)(1)-(2).[1]

That being said, the record shows that the ALJ adequately explained the basis for rejecting Dr. Junglas's opinion on Plaintiff's "sustainability." As the Magistrate Judge correctly observed, the ALJ engaged in a lengthy discussion of the evidence, including treatment notes, that undermines Dr. Junglas's opinion. (See Doc. # 17 at 21; Tr. 22-26). And even though the ALJ did not discuss that evidence in the same sentence in which he rejected Dr. Junglas's opinion, the ALJ presented and analyzed the evidence clearly enough to enable this Court—and the Magistrate Judge—to review the ALJ's decision and determine whether it is supported by substantial evidence. Under the highly deferential standard of review, the Court finds that it is. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

III.

For the foregoing reasons, the Court overrules Plaintiff's objections (Doc. # 18), adopts the R&R (Doc. # 17), affirms the ALJ's decision, and dismisses the case.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster 2/26/13*
**Dan Aaron Polster**
**United States District Judge**

---

[1] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004), is the one case Plaintiff cites to support his argument that the ALJ has to make sufficiently clear why he rejected a physician's opinion. But that case, like the Regulations, applies the "good reasons" rule only to *treating* physicians; it does not apply the rule to non-treating physicians.